**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mubarak Omar,

      Plaintiff,

v.

Safety Holdings Incorporated,

      Defendant.

No. CV-23-02532-PHX-DLR

**ORDER**

Defendant SambaSafety Holdings, Inc. ("SambaSafety") is a consumer reporting agency that sells motor vehicle reports ("MVRs") to companies, including Lyft, Inc. ("Lyft"). Plaintiff Mubarak Omar formerly worked as a driver for Lyft. In his operative complaint, filed in December 2023, he alleges that Lyft terminated his employment after receiving an MVR from SambaSafety indicating that Plaintiff's driver's license was suspended or revoked, when only Plaintiff's *commercial* driver's license was suspended or revoked. Based on this alleged misreporting, Omar accuses SambaSafety of violating the Fair Credit Reporting Act. (Doc. 1.)

The Court issued a scheduling order setting a deadline of May 31, 2024 to amend pleadings. (Doc. 20.) Approximately four months after the expiration of that deadline, Omar moved for leave to amend his complaint to add a new theory of liability, namely that Lyft terminated his employment after receiving an MVR from SambaSafety that erroneously reported multiple violations rather than a single violation. (Doc. 23; Doc. 23-1.) SambaSafety opposes the request. (Doc. 27.)

Under Federal Rule of Civil Procedure 16(b), the deadlines established in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where that party has not been diligent, the inquiry ends and the motion for an extension is denied. *Id.* If good cause supports deviation from the scheduling order, the Court then assesses the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the Court begins and ends with an assessment of Omar's diligence in seeking amendment. The record shows that, prior to filing this lawsuit, Omar possessed copies of the MVR that Lyft had received from SambaSafety, as well as a copy of his official Arizona Motor Vehicle Division ("MVD") driving record. (Doc. 27-1; Doc. 29-3.) These documents would have allowed Omar to compare the number and type of violations reported by SambaSafety with the number and type contained in his official MVD driving record. Deviation from the scheduling order is not warranted because Omar "knew or should have known the facts he asserts in his proposed amended [complaint] either when he filed his original pleading or before the deadline for amending pleadings." *Amazon.com Inc. v. Wong*, Case No. C19-0990JLR, 2023 WL 2811613, at *3 (W.D. Wash. Apr. 6, 2023).

Omar counters that even if he should have been aware of these reporting discrepancies earlier, he did not learn until May 21, 2024 that the number of violations reported on SambaSafety's MVR was a reason Lyft terminated his employment. (Doc. 23 at 4.) But this only reinforces that Omar knew or should have know the factual basis for this new theory of liability within the deadline for amending pleadings, yet he did not ask

the Court at that time to extend the deadline to amend pleadings and instead waited four months after its expiration to seek leave to amend.

Omar also contends that he did not immediately move to amend upon receiving this information because he wanted to obtain "admissible evidence that made clear the scope of any incomplete information" prior to amending. (Doc. 23 at 4.) Omar claims that he received this admissible evidence on August 21, 2024, when he deposed a representative of Arizona's Department of Transportation, who confirmed that the official MVD records Omar had long possessed reflected on a single violation. (*Id.* at 5.)

The Court is unpersuaded. Federal pleading rules do not require plaintiffs, at the pleading stage, to support their factual allegations with *admissible evidence*. Instead, plaintiffs need only have a good-faith factual basis for the allegations in their pleadings. Admissible evidence becomes an issue later, at summary judgment or at trial. Much earlier in this litigation, Omar could have alleged in good faith that SambaSafety's MVR misrepresented the number of violations on his official MVD record. And even if Omar believed it prudent to conduct more research into the matter, he could have asked the Court to extend the deadline for amending pleadings before that deadline expired. Instead, he waited four months after it expired, and roughly a month before the end of fact discovery, to seek permission to belatedly inject a new liability theory into the case. The Court does not find Omar pursued his amendment with the sort of diligence Rule 16 demands.

For these reasons,

**IT IS ORDERED** that Omar's motion for leave to amend (Doc. 23) is **DENIED**.

Dated this 26th day of September, 2025.

Douglas L. Rayes
Senior United States District Judge

- 3 -