**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mubarak Omar, | No. CV-23-02532-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Safety Holdings Incorporated, | |
| Defendant. | |

Defendant Safety Holdings, Inc. d/b/a SambaSafety ("SambaSafety") is a consumer reporting agency that sells motor vehicle reports ("MVRs") to companies, including Lyft, Inc. ("Lyft"). Plaintiff Mubarak Omar formerly worked as a driver for Lyft. In his operative complaint, he alleges that Lyft terminated his employment after receiving an MVR from SambaSafety indicating that Omar's driver's license was suspended or revoked, when only Omar's commercial driver's license had been suspended or revoked. Based on this alleged misreporting, Omar accuses SambaSafety of violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. (Doc. 1.)

Before the Court are Omar's motion for partial summary judgment (Doc. 56), SambaSafety's motion for summary judgment (Docs. 57, 66), SambaSafety's motion to strike Omar's motion for partial summary judgment (Docs. 70, 71), and SambaSafety's motion to strike Omar's new evidence in connection with his reply in support of his motion

for partial summary judgment (Docs. 104, 105). The motions are fully briefed.[1] (Docs. 82, 87, 88, 92, 97, 98, 99, 106, 107.) For the following reasons, the Court denies Omar's motion for partial summary judgment, grants SambaSafety's motion for summary judgment, denies SambaSafety's motion to strike Omar's motion for partial summary judgment, and denies SambaSafety's motion to strike Omar's new evidence.

## I.    Background

Omar worked as a driver for Lyft for around 10 years. (Doc. 1 ¶¶ 41–42.) Lyft contracts with SambaSafety to conduct periodic background reports, including checks regarding driver's license validity, on their employees. (*Id.* ¶ 43.) On July 27, 2023, Omar received an email from Lyft informing him that his eligibility to drive with Lyft was under review because of information found in his MVR. (*Id.* ¶ 54.) The same day, Lyft suspended Omar's access to its driving platform. (*Id.*) Unknown to Omar at the time, on July 17, 2023, Lyft had ordered a background report from SambaSafety. (*Id.* ¶ 55.) SambaSafety completed its background report concerning Omar on July 27, 2023. (*Id.* ¶ 56.) Omar alleges that the MVR inaccurately reported that his personal driver's license was suspended or revoked when in fact only his commercial driver's license had been suspended or revoked. (*Id.* ¶¶ 58–59.)

On July 28, 2023, Omar disputed the alleged inaccurate information with SambaSafety through its online portal by completing a Consumer Dispute Form and providing the necessary information. (*Id.* ¶ 70–72.) The dispute was not resolved. (*Id.* ¶ 73.) On August 25, 2023, Omar again disputed the inaccurate information with SambaSafety but did not obtain a resolution. (*Id.* ¶ 74–80.) Omar alleges he suffered damages because of SambaSafety's MVR and his subsequent loss of employment with Lyft. (*Id.* ¶ 86–104.)

Accordingly, Omar brought claims under the FRCA for failure to follow reasonable procedures and for failure to perform a reasonable reinvestigation. (*Id.* ¶ 105–121.) Omar

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

sought leave to amend his complaint to add a new theory of liability, which the Court denied. (Docs. 23, 108.) Omar now moves for partial summary judgment and SambaSafety moves for summary judgment. Additionally, SambaSafety moves to strike Omar's motion for partial summary judgment and new evidence accompanying his reply in support of his motion for partial summary judgment.

## II.     Motions for Summary Judgment

### A.     Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

**B.    Omar's Motion for Partial Summary Judgment**

**1.    Motion to Strike Reply Brief Exhibits**

As a preliminary matter, SambaSafety asks the Court to strike portions of Exhibit A, pages 86–87, 122–127, 129, and 143–146, and Exhibit B, pages 50, 71–72, attached to Omar's reply brief. (Docs. 104, 105.) Though motions to strike generally are disfavored, *Picurro v. Baird*, No. CV 09-00938-PHX-NVW, 2011 WL 4433954, at *1 (D. Ariz. Sept. 23, 2011), LRCiv 7.2(m)(1) allows a party to move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

In this instance, the filing subject to the motion to strike was not prohibited by the Court. SambaSafety relies on the portion of the Court's Scheduling Order which stated: "All evidence to support a motion or response that is not already part of the record must be attached to the motion or response itself . . . No new evidence may be submitted with a reply." (Doc. 20 at 4.) But the Court has previously explained that "[i]n stating no evidence may be submitted with a reply, paragraph [7](c) of the Scheduling Order was not intended to upend the District's longstanding distinction between new and rebuttal evidence." *Evans v. Scribe One Limited LLC*, No. CV-19-04339-PHX-DLR, 2022 WL 194529, at *1 n.1 (D. Ariz. Jan. 21, 2022). Here, Omar included the evidence specifically to rebut factual assertions made by SambaSafety in its response. Further, in reply, SambaSafety agreed to

withdraw its motion based on the language in *Evans*. (Doc. 107 at 2.) Accordingly, SambaSafety's motion to strike Omar's new evidence in connection with his reply in support of his motion for partial summary judgment is denied.

Omar requests sanctions under 28 U.S.C. § 1927 against SambaSafety's attorneys because he claims this motion is frivolous. (Doc. 106 at 6–10). Under § 1927, lawyers who unreasonably and vexatiously multiply court proceedings may be assessed the excess costs, expenses, and attorneys' fees incurred as a result. Section 1927 authorizes only the assessment of excess costs, expenses, and fees incurred because of an attorney's unreasonable conduct; it does not authorize an award of the total costs of litigation. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985). To award fees under this section, the Court must find that the attorney acted in bad faith. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). An attorney's bad faith is assessed under a subjective standard, and "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation and citation omitted); *see also In re Giardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) ("[A] finding that the attorney recklessly or intentionally misled the court," or "a finding that the attorney[ ] recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is ... sufficient to impose sanctions under § 1927." (internal citations omitted)). Sanctions under § 1927 may be awarded only against an attorney, not an employee of an attorney or a law firm. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

Having carefully considered the parties' arguments and reflected on the history of this case, the Court declines to sanction SambaSafety's attorneys under § 1927 because Omar has not proven that they acted in subjective bad faith. While Omar's attorney did present SambaSafety's attorneys with caselaw outlining the difference between new and rebuttal evidence, Omar's attorney did not present SambaSafety's attorneys with the *Evans* case until their response to this motion. Upon receiving the response, in reply, SambaSafety

- 5 -

agreed to withdraw this motion.

### 2.    Motion for Partial Summary Judgment

Omar moves for partial summary judgment on count one of his complaint, which alleges a claim for failure to follow reasonable procedures under § 1681e. (Doc. 56 at 1.) Omar argues that there is no genuine dispute that SambaSafety's MVR contained inaccurate or materially misleading information. (*Id.* at 8.) Specifically, Omar argues SambaSafety reported Omar's singular violation as two separate and distinct violations. (*Id.*) SambaSafety responds that Omar cannot obtain summary judgment by now relying on a theory that was not pled in his complaint or disclosed during discovery. (Doc. 82 at 9.) Additionally, SambaSafety argues that Omar's motion fails on the merits because the MVR was accurate, SambaSafety's procedures were reasonable, and Omar has not proved damages. (*Id.* at 12–17).

"In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1332 (9th Cir. 1989). "The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.* "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.*

For this motion, Omar presents evidence that SambaSafety prepared an MVR containing inaccurate information. However, the inaccurate information he focuses on is wholly different and completely missing from his complaint. In his complaint, Omar alleged that the MVR was inaccurate because SambaSafety reported that his personal driver's license was suspended or revoked when in fact only his commercial driver's license had been suspended or revoked. (Doc. 1 ¶¶ 3, 6, 52, 58–61, 68–69, 76–77, 81.) Now Omar argues the MVR was inaccurate because SambaSafety reported multiple violations rather than a single violation. This is the same theory on which Omar moved for leave to

amend his complaint (Doc. 23) and which the Court has since denied (Doc. 108). But this theory of liability and underlying factual allegations did not appear in Omar's complaint.

Omar cannot move for summary judgment based on a theory and factual allegations that he did not plead in his complaint. "The issues on summary judgment are framed by the complaint." *Rodriguez v. Countrywide Homes*, 668 F.Supp.2d 1239, 1246 (E.D. Cal. 2009). "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Otherwise "adding a new theory of liability at the summary judgment stage would prejudice the defendant who faces different burdens and defenses under this second theory of liability." *Id.* Omar's motion to amend his complaint was denied and he cannot now raise a new theory at summary judgment. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Accordingly, Omar's motion for partial summary judgment is denied.

### 3.    Motion to Strike Omar's Motion for Partial Summary Judgment

SambaSafety also moves to strike Omar's motion for partial summary judgment because it is premised on an unpled theory of liability. (Doc. 71 at 7.) Alternatively, SambaSafety argues Omar's motion is precluded by Federal Rule of Civil Procedure 37(c) because he failed to disclose his new theory in his discovery responses. (Doc. 71 at 8.) SambaSafety uses the same arguments to support this motion as in its response to Omar's motion for partial summary judgment. Because the Court denied Omar's motion for partial summary judgment for the reasons SambaSafety argues, the Court views the motion to strike as moot. Accordingly, SambaSafety's motion to strike Omar's motion for partial summary judgment is denied.

Again, Omar requests sanctions under § 1927 against SambaSafety's attorneys because he claims this motion is improper. (Doc. 92 at 15.) And again, having carefully

considered the parties' arguments and reflected on the history of this case, the Court declines to sanction SambaSafety's attorneys under § 1927 because Omar has not proven that they acted in subjective bad faith. While a motion to strike a motion for summary judgment may be irregular, so is Omar's position to move for summary judgment on a theory and factual allegations that were not pled in the complaint.

### C.     SambaSafety's Motion for Summary Judgment

SambaSafety moves for summary judgment on both Omar's § 1681e and § 1681i claims. (Doc. 57 at 1.) SambaSafety argues that the MVR did not contain an inaccuracy regarding the status of Omar's driver's license. (*Id.* at 6.) Omar responds that the MVR did contain inaccurate information regarding his driving history. (Doc. 88 at 6.)

"[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (citation and internal quotations omitted). Here, because Omar has not made such a showing, the Court need not consider the reasonableness of SambaSafety's procedures or reinvestigation efforts, and Omar's § 1681e and § 1681i claims fail.

As discussed above, Omar's complaint alleges that the MVR from SambaSafety was inaccurate because it reported that his driver's license was suspended or revoked when in fact only his commercial driver's license had been suspended or revoked. The evidence, however, shows that the MVR does not contain this inaccurate information. At a deposition Omar admitted that the MVR indicated that his personal, non-commercial driver's license was valid, not suspended or revoked. (Doc. 60-1 at 24–25.) Additionally, in his response, Omar asserts that "SambaSafety begins its Motion for Summary Judgment by falsely asserting that [Omar] alleges that SambaSafety reported [Omar's] personal driver's license as invalid to Lyft." But SambaSafety's assertion is not false—that is exactly what Omar alleged in his complaint. Omar continues that "SambaSafety is well aware, [Omar], through discovery, determined that the issue was not that SambaSafety had reported [Omar's] personal driver's license as invalid. Rather, [Omar] learned that SambaSafety erroneously

reported" one violation as two. (*Id.*) But "[t]he issues on summary judgment are framed by the complaint." *Rodriguez*, 668 F.Supp.2d at 1246. Thus, Omar's assertion concedes that the allegations in his complaint are untrue, and summary judgment is appropriate. Accordingly, SambaSafety's motion to for summary judgment is granted.

**IT IS ORDERED** that Omar's motion for partial summary judgment (Doc. 56) is **DENIED**, SambaSafety's motion for summary judgment (Docs. 57, 66) is **GRANTED**, SambaSafety's motion to strike Omar's motion for partial summary judgment (Doc. 70) is **DENIED**, and SambaSafety's motion to strike Omar's new evidence in connection with his reply in support of his motion for partial summary judgment (Doc. 104) is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 18th day of March, 2026.

Douglas L. Rayes
Senior United States District Judge

- 9 -